AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

Moussa Sidibe

V.

Statewide Video, Inc. and Thomas Cantone

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

08 CIV 5177

TO: (Name and address of Defendant)

Statewide Video, Inc. and Thomas Cantone, 1855 Cropsey Avenue, Brooklyn, New York, 11214

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Gottlieb & Associates, 150 East 18th Street, Suite PHR, New York, New York, 10003

an answer to the complaint which is served on you with this summons, within ___30___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(By) DEPUTY CLERK

DATE: JUN 0 5 2008

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me⁽¹⁾ | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
            Date            Signature of Server

                            Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'08 CIV 5177

---------------------------------------X

MOUSSA SIDIBE,

                Plaintiff,

-against-

STATEWIDE VIDEO, INC. and
THOMAS CANTONE

                Defendants.

---------------------------------------X

ECF 2008 Civ:_____

**Complaint and Demand for Jury Trial**

RECEIVED JUN 05 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay as well as for work performed for which he did not receive the statutory minimum wage and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq.

2. Plaintiff further complains, on behalf of himself, that he is entitled to back wages from Defendants for overtime work for which he did not receive overtime premium pay as well as for work performed for which he did not receive the statutory minimum wage, as required by New York Labor Law §§650 et seq., including Part 142, §142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law) as well as spread of hours pay.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

4. Venue is proper in this district pursuant to 29 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

6. Plaintiff resides in New York County, New York.

7. Upon information and belief, Defendant, Statewide Video, Inc. ("Statewide"), is a New York Corporation.

8. Upon information and belief, Defendant, Statewide Video, Inc., maintains its principal place of business at 1855 Cropsey Avenue, Brooklyn, New York, 11214.

9. Upon information and belief, Defendant, Thomas Cantone ("Cantone"), owns, operates and controls the day to day operations and management of Statewide Video, Inc.

10. Upon information and belief, each Defendant is an enterprise engaged in commerce or in the production of goods for commerce. Each Defendant is an enterprise because each performs its related activities for a common business purpose. Each Defendant is engaged in commerce or in the production of goods for commerce, because, inter alia, each Defendant has employees that handle goods and materials that have been

produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.

11. Each Defendant, either directly or indirectly, has hired and fired Plaintiff; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of his payment; and kept at least some records regarding his employment.

## STATEMENT OF THE FACTS

12. Plaintiff was a counterworker employed by Defendants from on or about 1993 until on or about April 15, 2008 (the "time period").

13. During the time period, Plaintiff generally worked from 8 a.m until 8 p.m., 7 days a week during the time period.

14. Upon information and belief, Cantone owned and operated different corporate entities over the years prior to his current corporation, Statewide.

15. Upon information and belief, Statewide is the successor in interest to Cantone's prior corporate entities.

16. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

17. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

18. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate as well as the statutory minimum wage in violation of the FLSA, the

New York Labor Law and the supporting New York State Department of Labor regulations.

19. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, the Defendants failed to maintain accurate and sufficient time records.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

20. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

21. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).

22. At all relevant times, Defendants employed and/or continued to employ, Plaintiff within the meaning of the FLSA.

23. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

24. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek as well as the statutory minimum wage.

25. As a result of the Defendants' willful failure to compensate Plaintiff, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek as well as the statutory minimum wage, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. §§207(a)(1) and 215 (a).

26. Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of 29 C.F.R. § 516.4.

27. As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff, Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

29. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation as well as the unpaid statutory minimum wage, an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

30. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

31. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§2 and 651.

32. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek as well as the statutory minimum

wage in violation of the New York Labor Law and its regulations as well as spread of hours pay.

33. Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

34. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, his unpaid statutory minimum wage, his unpaid spread of hours pay, reasonable attorney's fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation and unpaid statutory minimum wage due under the FLSA and the New York Labor Law as well as unpaid spread of hours pay due under the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and the statutory minimum wage pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and the statutory minimum wage pursuant to the New York Labor Law;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
June 3, 2008

_____
Jeffrey M. Gottlieb, Esq.

Gottlieb & Associates
Attorney for Plaintiff
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212)228-9795
Fax: (212)982-6284