UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MOUSSA SIDIBE,,

                                Plaintiff,                **08 CIV 5177 (DC)**

                                                   **ANSWER**

                -against-

                                                     **ECF CASE**

STATEWIDE VIDEO, INC. and THOMAS CANTONE,

                                Defendants.
-------------------------------------------------------------------X

        Defendants Statewide Video, Inc. and Thomas Cantone ("Defendants"), by their attorneys, answering the Complaint and Demand for Jury Trial ("Complaint") of Plaintiff, allege as follows:

        1.      In response to Paragraph 1 of the Complaint, Defendants deny the allegations in Paragraph 1 of the Complaint.

        2.      Defendants deny the allegations in Paragraph 2 of the Complaint.

        3.      In response to Paragraph 3 of the Complaint, Defendants acknowledge that Plaintiff has asked this Court to exercise jurisdiction but deny the appropriateness of same.

        4.      In response to Paragraph 4 of the Complaint, Defendants acknowledge that Plaintiff has asserted that venue is proper in this court but deny the appropriateness of same.

        5.      In response to Paragraph 5 of the Complaint, Defendants acknowledge that Court is empowered to issue a declaratory judgment but deny the appropriateness of same.

        6.      In response to Paragraph 6 of the Complaint, Defendants deny knowledge or information sufficient to form a belief regarding where Plaintiff resides.

        7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

        8.      Defendants admit the allegations contained in Paragraph 8 of the Complaint.

        9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint,

but aver that he has in the past.

10.   Defendants deny the allegations contained in Paragraph 10 of the Complaint but aver that the corporate defendant's annual gross revenue exceeds $500,000.

11.   Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.   Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.   Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.   Defendants deny the allegations contained in Paragraph 14 of the Complaint but aver that defendant Cantone has owned one or more other corporations in the past.

15.   Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.   Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.   Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.   Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.   Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.   In response to Paragraph 20 of the Complaint, Defendants incorporate their answers to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21.   Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.   Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.   Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.   Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.   Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.   Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.   Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.   Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.   Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.   In response to Paragraph 30 of the Complaint, Defendants incorporate their answers to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.    With respect to the Prayer for Relief on pages 6-7 of the Complaint, Defendants admit only that Plaintiff purports to seek damages and other relief in this lawsuit and deny any allegation therein.

### FIRST AFFIRMATIVE DEFENSE

36.    Some or all of Plaintiff's claims are barred, in whole or in part, by statutory exemptions, exclusions, exceptions or credits under the FLSA and/or applicable New York state law.

### SECOND AFFIRMATIVE DEFENSE

37.    Individual liability is not supported by the allegations contained in the Complaint or applicable law.

### THIRD AFFIRMATIVE DEFENSE

38.    No act or omission of Defendants alleged to have violated the FLSA or applicable New York state law was willful, knowing, or in reckless disregard for the provisions of such laws.

### FOURTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred by the doctrines of unclean hands and laches.

### FIFTH AFFIRMATIVE DEFENSE

40.    Plaintiff's claims are barred as to all hours during which he was not working.

### SIXTH AFFIRMATIVE DEFENSE

41.    Some or all of Plaintiff's claims are barred in whole or in part by the applicable statue of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

42.    Subject to proof through discovery, some or all of Plaintiff's claims are barred

in whole or in part by the doctrine of estoppel, quasi-estoppel and/or equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

43.     Plaintiff's claims are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within the *de minimus* exception to the FLSA and applicable New York state law.

### NINTH AFFIRMATIVE DEFENSE

44.     All claims are barred by the doctrine of accord and satisfaction.

### TENTH AFFIRMATIVE DEFENSE

45.     Plaintiff has been paid all amounts owed and for all hours worked.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint with prejudice and award Defendants their costs and attorneys' fees.

Dated: New York, New York
          August 13, 2008

Respectfully submitted,
LAW OFFICE OF MICHAEL H. KANE


By:   s/Jonathan D. Golby
Jonathan D. Golby (JG-1601)
Attorney for Defendants
240 West 35th Street
Suite 504
New York, NY 10001
(212) 685-5263
E-mail:

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008, the foregoing **ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following party:

> Jeffrey M. Gottlieb, Esq.
> Gottlieb & Associates
> 150 East 18th Street
> Suite PHR
> New York, NY  10003

                    s/ Jonathan D. Golby
                    Jonathan D. Golby (JG-1601)
                    Law Office of Michael H. Kane
                    Attorney for Defendants
                    240 West 35th Street
                    Suite 504
                    New York, NY  10001
                    (212) 685-5263
                    E-mail: